IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICKIE DONNELL FRAZIER, JR., | ) |
| Plaintiff, | ) |
| | ) NO. 3:19-cv-00292 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| SHERIFF WEATHERFORD, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff Rickie Donnell Frazier, Jr., an inmate at the Macon County Jail in Lafayette, Tennessee, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against Sheriff Weatherford and Sergeant B. Maynard. (Doc. No. 1.) He also filed an application to proceed in this Court without prepaying fees and costs. (Doc. No. 4.)

**I.  Application to Proceed as a Pauper**

The Court may authorize a prisoner to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's *in forma pauperis* application that he is unable to pay the full filing fee in advance, his application (Doc. No. 4) will be granted. The $350.00 filing fee will be assessed as directed in the accompanying Order. 28 U.S.C. § 1915(b)(1).

**II.  Initial Review**

Under the screening requirements of the Prison Litigation Reform Act ("PLRA"), the Court must conduct an initial review and dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). The Court must also construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736,

739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

### A. Factual Allegations

Plaintiff alleges that, around 6:50 a.m. on January 14, 2019, Sumner County Sheriff's Office Sergeant B. Maynard was called to a residence on Corum Hill Road in Castalian Springs, Tennessee. (Doc. No. 1 at 4–5.) Maynard then seized Plaintiff's cell phone without a search warrant. (*Id.* at 5.) As a result, Plaintiff alleges, he lost contact with his probation officer and is now facing charges for violating his probation. (*Id.*) Indeed, Plaintiff alleges that his incarceration is due to "missed calls from [his] probation officer." (*Id.*) Plaintiff also alleges that, without his phone, he missed employment opportunities and is now fighting for custody of his son after losing "time [and] communication" with him. (*Id.*) Plaintiff requests monetary damages. (*Id.*)

### B. Standard of Review

To determine whether a prisoner's complaint "fails to state a claim on which relief may be granted" under the PLRA, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A *pro se* pleading

must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**C.     Discussion**

"To prevail on a cause of action under § 1983, a plaintiff must prove '(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law.'" *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)).

**1.     Dismissal of Official-Capacity Claims**

Plaintiff brings this action against Sheriff Weatherford in his official capacity. (Doc. No. 1 at 2.) He also brings this action against Sergeant Maynard in both his individual and official capacity. (*Id.*) Weatherford and Maynard are both employees of Sumner County, and "individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Thus, the Court construes Plaintiff's official-capacity claims against Weatherford and Maynard as a claim against Sumner County.

Municipal entities like Sumner County may be liable under Section 1983 "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978)). To state claim against Sumner County, Plaintiff must allege that he "suffered a constitutional violation" and that the County's "policy or custom directly caused the violation." *Hadrick v. City of Detroit, Mich.*, 876 F.3d 238, 243 (6th Cir. 2017) (citing *Monell*, 436 U.S. at 690–92). Here, Plaintiff does not allege that the constitutional deprivation he suffered—Sergeant Maynard seizing Plaintiff's cell phone without a

3

warrant—was the result of the County's policy or custom. Accordingly, Plaintiff fails to state a claim against Sumner County, and his official-capacity claims against Weatherford and Maynard will be dismissed.

### 2. Individual-Capacity Claim against Sergeant Maynard

The crux of the complaint is that Sergeant Maynard violated Plaintiff's Fourth Amendment rights when he seized Plaintiff's cell phone without a warrant on the morning of January 14, 2019. "The Fourth Amendment protects a person's right to his personal property without interference from the police absent consent or reasonable suspicion or probable cause that a crime has been, will be, or is being committed." *United States v. Deitz*, 577 F.3d 672, 687 (6th Cir. 2009) (citing *United States v. Buchanon*, 72 F.3d 1217, 1228 (6th Cir. 1995)). "Property is seized when there is some meaningful interference with an individual's possessory interests in that property." *Hensley v. Gassman*, 693 F.3d 681, 688 (6th Cir. 2012) (citations omitted). "A constitutional violation occurs," however, "only where the seizure is objectively unreasonable." *Id.* (citing *United States v. Place*, 462 U.S. 696, 701 (1983)). This is "a determination that entails a 'careful balancing of governmental and private interests.'" *Id.* (quoting *Soldal v. Cook Cty., Ill.*, 506 U.S. 56, 71 (1992)).

Here, the full circumstances of Maynard's alleged seizure of Plaintiff's cell phone are unclear. Plaintiff's allegations are sparse: he was at "a residence," Sergeant Maynard "was called," and then Maynard "seized [Plaintiff's] cellular phone without a search warrant." (Doc. No. 1 at 5.) Liberally construing the complaint in Plaintiff's favor, however, as the Court must do at this stage, the Court cannot determine whether Maynard's alleged seizure of Plaintiff's cell phone was objectively unreasonable. Accordingly, the Court will not dismiss Plaintiff's Fourth Amendment unlawful-seizure claim against Maynard at this juncture.

Plaintiff also alleges, however, that he is incarcerated and facing charges for violating his probation because Maynard's seizure of his cell phone led him to miss calls from his probation officer. (*Id.*) Where a Section 1983 claim is "related to rulings that will likely be made in a pending or anticipated criminal trial[]," it would be within the Court's power and "in accord with common practice" to stay this case "until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007) (citing *Heck v. Humphrey*, 512 U.S. 477, 487–88 n.8 (1994)). Although Plaintiff is allegedly facing a violation of probation hearing rather than a criminal trial, it appears that Plaintiff may intend to contest his probation-violation charges by presenting the same theory to the state courts as he is presenting in this Section 1983 action—that Maynard's seizure of his cell phone violated his Fourth Amendment rights. Thus, the Court infers that Maynard's allegedly unlawful seizure will likely be subject to a ruling in his pending state probation violation proceedings. In these circumstances, the Court deems it appropriate to stay this action pending resolution of Plaintiff's state proceedings.

The Court notes that, if Plaintiff is ultimately unsuccessfully in contesting his probation violation charges, Plaintiff's Fourth Amendment unlawful-seizure claim against Sergeant Maynard may face an obstacle under the *Heck* doctrine. Under *Heck*, "a Section 1983 suit is not cognizable if it would 'necessarily' invalidate the plaintiff's conviction or sentence, unless the plaintiff can show the conviction or sentence had been set aside." *Sanders v. Detroit Police Dep't*, 490 F. App'x 771, 773 (6th Cir. 2012) (quoting *Heck*, 512 U.S. at 487). "*Heck* 'applies to proceedings that call into question the fact or duration of parole or probation.'" *Noel v. Grzesiak*, 96 F. App'x 353, 354 (6th Cir. 2004) (citing *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996)). Thus, if Plaintiff is convicted of violating his probation, and a favorable ruling to Plaintiff in this Section 1983 action would necessarily invalidate that conviction, "*Heck* will require dismissal."

*Wallace*, 549 U.S. at 394 (citing *Edwards v. Balisok*, 520 U.S. 641, 649 (1997)). Otherwise, this action may proceed, "absent some other bar to suit." *Id.*

## III. Conclusion

For these reasons, (1) Plaintiff's official-capacity claims against Weatherford and Maynard will be dismissed, and (2) his remaining claim (his Fourth Amendment unlawful-seizure claim against Defendant Maynard) will be stayed pending the resolution of Plaintiff's state probation violation proceedings, so that Plaintiff may pursue it at the appropriate time if it is not barred by *Heck* or some other barrier to suit.

An appropriate Order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE