IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICKIE DONNELL FRAZIER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:19-cv-00292 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| SHERIFF WEATHERFORD, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Rickie Donnell Frazier, Jr., an inmate at the Macon County Jail in Lafayette, Tennessee, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against Sheriff Weatherford and Sergeant B. Maynard. (Doc. No. 1.) He also filed an application to proceed in this Court without prepaying fees and costs. (Doc. No. 4.)

**I.  Application to Proceed as a Pauper**

It appears from Plaintiff's *in forma pauperis* application that he lacks sufficient financial resources to pay the full filing fee in advance. His application (Doc. No. 4) is therefore **GRANTED**, and he is **ASSESSED** the $350.00 filing fee, to be paid as follows:

The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of—(A) the average monthly deposits to [Plaintiff's] account; or (B) the average monthly balance in [Plaintiff's] account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1). After the initial filing fee is fully paid, the trust account officer must withdraw from Plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to Plaintiff's account during the

preceding month, but only when the amount in the account exceeds $10. These payments must continue until the $350.00 filing fee is paid in full. *Id.* § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this Order to the Macon County Jail in Lafayette, Tennessee, to ensure that the custodian of Plaintiff's inmate trust account complies with the portion of 28 U.S.C. § 1915 pertaining to payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance with this Order. All payments made in compliance with this Order must clearly identify Plaintiff's name and the case number as shown on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

**II.     Initial Review**

For the reasons stated in the accompanying Memorandum Opinion, the Court concludes that Plaintiff's Fourth Amendment unlawful-seizure claim against Defendant Maynard will be stayed pending resolution of Plaintiff's pending probation violation proceedings. Accordingly, this action is **STAYED**, and the Clerk is directed to **ADMINISTRATIVELY CLOSE** this case and maintain the physical file until further Order.

Plaintiff **MUST** file a status report informing the Court of the status of his pending state proceedings within **6 MONTHS** from the date this Order is entered on the docket, and every 6 months thereafter until his proceeding is resolved. Within **30 DAYS** after the resolution of Plaintiff's state proceedings, he **MUST** file a motion to reopen and proceed in this action.

Plaintiff is forewarned that, if he does not comply with these instructions, the Court may

2

dismiss this action. Plaintiff is also forewarned that failure to keep the Court informed of his current address at all times may result in dismissal of this action.

IT IS SO ORDERED.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE